Matter of Asar S.W (Marie G.) (2020 NY Slip Op 02545)





Matter of Asar S.W (Marie G.)


2020 NY Slip Op 02545


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Friedman, J.P., Kapnick, Webber, Oing, JJ.


11432 -4384/18

[*1]In re Asar S. W., A Dependent Child Under the Age of Eighteen Years, etc. Marie G., Respondent-Appellant, Little Flower Children and Family Services of New York, etc., Petitioner-Respondent, Administration for Children's Services, Respondent.


Bruce A. Young, New York, for appellant.
Warren & Warren, P.C., Brooklyn (Ira L. Eras of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Maria Arias, J.), entered on or about April 25, 2019, which, inter alia, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child and transferred custody of the child to petitioner agency and the Administration for Children's Services for the purposes of adoption, unanimously affirmed, without costs.
The court's determination that the mother permanently neglected the child is supported by clear and convincing evidence. In devising a suitable service plan, making appropriate referrals, providing frequent casework counseling and scheduling regular visitation, the agency exercised the requisite diligent efforts to encourage and strengthen the parental relationship (see Matter of Malcolm M.L. [Ruby C.], 177 AD3d 442 [1st Dept 2019]). The mother's service plan was specifically tailored to her mental health needs, and while the mother completed a parenting skills program, she did not comply with mental health services, an essential part of her service plan, and she failed to visit her son consistently. She attended only about half of the visits she was offered, and for the three months preceding the filing of the petition she did not visit or make contact with him at all.
A preponderance of the evidence also supports the court's determination that termination of the mother's parental rights was in the best interests of the child, who has been in a stable foster home for his entire life, where all of his needs were being met, and the foster mother wished to adopt him (see Matter of Ashley R. [Latarsha R.], 103 AD3d 573, 574 [1st Dept 2013], lv denied 21 NY3d 857 [2013]). As the Family Court found, the mother has not put forth a realistic, feasible plan to provide an adequate and stable home for the child, and therefore a [*2]suspended judgment was not appropriate (see Matter of Lorenda M. [Lorenzo McG.], 2 AD3d 370, 371 [1st Dept 2003]).
We have considered the mother's remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK